1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott Alan Burroughs (SBN 235718)
   scott@donigerlawfirm.com
3  Trevor W. Barrett (SBN 287174)
   tbarrett@donigerlawfirm.com
4  Justin M. Gomes (SBN 301793)
   jgomes@donigerlawfirm.com
5
6  DONIGER / BURROUGHS
   603 Rose Avenue
7  Venice, California 90291
   Telephone: (310) 590-1820
8
9
10 Attorneys for Plaintiff

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14 ELLIOT MCGUCKEN,                    Case No.: 2:18-cv-04837-DSF-GJS
                                       _Hon. Dale S. Fischer Presiding_
15    Plaintiff,
                                       **NOTICE OF APPLICATION AND
16                                     APPLICATION FOR DEFAULT
   v.                                  JUDGMENT BY COURT;
17                                     MEMORANDUM OF POINTS AND
                                       AUTHORITIES; DECLARATION
18 DMI HOLDINGS, _et al._,             OF JUSTIN M. GOMES, ESQ.
                                       IN SUPPORT THEREOF**
19
20    Defendants.
                                       **_([Proposed] Order; Declaration of Elliot
21                                     McGucken Filed Concurrently Herewith)_**

22                                     Date: April 1, 2019
23                                     Time: 1:30 p.m.
24                                     Location: Courtroom 7D – 1st Street
25

26

27

28

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on April 1, 2019 at 1:30 p.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California, 90012, Plaintiff Elliot McGucken ("Plaintiff") will and hereby does request entry of default judgment against Defendant DMI Holdings, a New Jersey Limited Liability Company, individually and doing business as "DANGEROUS" (collectively, "Dangerous").

This motion is made on the grounds that:

1. Dangerous was served with operative Complaint and Summons on October 1, 2018 (*see* Dkt. 15), and has not responded to either Complaint or otherwise appeared in this action;

2. Plaintiff filed its request for default against Dangerous with United States District Court on December 5, 2018 (*see* Dkt. 17).

3. Default was entered by the Clerk against Dangerous on December 6, 2018 (*see* Dkt. 18);

4. Dangerous is not an infant, an incompetent person, in military service, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940;

5. Plaintiff is now entitled to default judgment against Dangerous on account of the claims pleaded in the Complaint, namely copyright infringement (17 U.S.C. § 101 *et seq.*) and violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202);

6. Plaintiff seeks statutory damages for copyright infringement in the amount of Sixty Thousand Dollars and No Cents ($60,000.00);

- ii -

7.   Plaintiff seeks statutory damages for violations of the Digital Millennium Copyright Act (the "D.M.C.A.") in the amount of Ninety Thousand Dollars and NO Cents ($90,000.00);

8.   Under the Copyright Act (17 U.S.C. §101 *et seq.*) and the D.M.C.A. (17 U.S.C. § 1203), Plaintiff is entitled to recover costs incurred in this litigation, which amount to One Thousand Three Hundred Seventy Seven Dollars and Seventy Six Cents ($1,377.76);

9.   Plaintiff is further entitled to reasonable attorney's fees (*see* 17 U.S.C. §101 *et seq.* and 17 U.S.C. § 1203), which amount to Six Thousand Six Hundred Dollars and Zero Cents ($6,600.00); and

10.  Notice of the entry of default judgment and notice of this motion and the amount requested was served on Dangerous on March 4, 2019, as required by Local Rule 55-1(e)

This Application is based on this Notice, the Memorandum of Points and Authorities, the declaration of Justin M. Gomes, Esq., and the pleadings, file, and oral argument that may be presented at the hearing.

Dated:  March 4, 2019          By:   /s/ *Scott Alan Burroughs*
                                      Scott Alan Burroughs, Esq.
                                      Trevor W. Barrett, Esq.
                                      Justin M. Gomes, Esq.
                                      DONIGER / BURROUGHS
                                      Attorneys for Plaintiff

- iii -

# **TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................... 1

II.    RELEVANT FACTS AND PROCEDURAL HISTORY ...................... 2

III.   DEFAULT JUDGMENT IS PROCEDURALLY PROPER ................. 3

IV.    DEFAULT JUDGMENT IS PROPER BECAUSE
       MCGUCKEN WOULD BE PREJUDICED IF HE WERE
       NOT ALLOWED TO RECOVER ON HIS LAWFUL
       CLAIMS OF INFRINGEMENT AND DMCA VIOLATIONS .............. 4

       A. McGucken Would be Prejudiced if his
          Motion for Default Judgment Were Denied......................... 5

       B. McGucken's Copyright Infringement Claims and DMCA Claims are
          Meritorious and Sufficiently Pled in the Complaint ........................... 5

          1. Claims of Copyright Infringement ................................. 5

          2. Claims for Violations of the DMCA ............................... 6

             a. Claims under 17 U.S.C. §1202(a) –
                Creating False Copyright Management Information ............... 6

             b. Claims under 17 U.S.C. §1202(b) –
                Removing and/or Altering
                CMI and Subsequent Distribution ............................ 7

       C. McGucken Should Not Be Denied the Substantial Amount of
          Damages He would Likely Recover from Dangerous at Trial ......... 10

       D. There is Little Possibility of a
          Dispute Concerning Material Facts................................... 10

       E. Dangerous' Neglect in Defaulting is Not Excusable ........................ 11

       F. Although the Federal Rules Generally
          Prefer Decision on the Merits, Dangerous Has
          Made A Decision on the Merits Impossible.................................... 11

V.     MCGUCKEN SHOULD BE AWARDED
       STATUTORY DAMAGES OF $10,000 PER IMAGE FOR
       COPYRIGHT INFRINGEMENT AND $15,000 PER IMAGE
       FOR VIOLATIONS OF THE DMCA .................................................. 12

       A. Given Dangerous' Failure to Participate in This
          Litigation, McGucken Elects to Recover Statutory Damages .......... 12

       B. A Statutory Award of $10,000 Per Image for Copyright Infringement
          is Reasonable in This Case.............................................. 15

1. McGucken Would Succeed In
2. Proving Dangerous' Infringement at Trial ................................. 16
3. An Award of Statutory Damages Will
   Prevent Dangerous' Unjust Enrichment ..................................... 16
4. Statutory Damages Will Deter Future Infringement ................... 17
G. A Statutory Award of $15,000 Per Violation
   of the DMCA is Reasonable in This Case ....................................... 17
1. McGucken Would Succeed In
   Proving Dangerous' Violations at Trial ...................................... 19
2. An Award of Statutory Damages
   Will Prevent Dangerous' Unjust Enrichment ............................. 19
3. Statutory Damages Will Deter Future Violations ...................... 20
VI.  MCGUCKEN IS ENTITLED TO RECOVER COSTS IN THE
     AMOUNT OF $1,377.76 ................................................................. 20
VII. MCGUCKEN IS ENTITLED TO
     REASONABLE ATTORNEYS' FEES ............................................. 21
VIII. CONCLUSION ................................................................................ 22

NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY THE COURT

# TABLE OF AUTHORITIES

*Cases*

*Aldabe v. Aldabe,*
  616 F.2d 1089 (9th Cir. 1980) ................................................................ 4
*Aries Music Entm't, Inc. v. Angelica's Record Distributors, Inc.,*
  506 Fed. Appx. 550 (9th Cir. 2013) ................................................. 14, 15
*Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.,*
  259 F.3d 1186 (9th Cir. 2001) ......................................................... 13, 14
*Eitel v. McCool,*
  782 F.2d 1470 (9th Cir. 1986) ............................................................... 4
*Elektra Entertainment Group, Inc. v. Crawford,*
  226 F.R.D. 388 (C.D. Cal. 2005) ..................................................... 15, 20
*Feist Publications, Inc. v. Rural Tel. Serv. Co.,*
  499 U.S. 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991) ..................... 6
*Gamma Audio & Video, Inc. v. Ean-Chea,*
  11 F.3d 1106 (1st Cir.1993) ................................................................. 14
*James v. Frame,*
  6 F.3d 307 (5th Cir. 1993) .................................................................. 21
*Joe Hand Promotions, Inc. v. Pollard,*
  2010 WL 2902343 (E.D. Cal. July 22, 2010) ........................................ 3
*Krechmer v. Tantaros,*
  747 F. App'x 6 (2d Cir. 2018) ............................................................... 7
*L.A. Printex Industries Inc. vs. G&G Multitex, Inc.,* No. 09-CV-03812,
  2010 WL 6648986, (C.D.Cal. December 08, 2010) ................... 16, 17, 18
*Los Angeles News Service v. Reuters Television Intern, Ltd.,*
  149 F.3d 987 (9th Cir. 1998) ......................................................... 13, 14
*McClatchey v. Associated Press,*
  2007 WL 1630261 (W.D. Pa. June 4, 2007) ........................................ 18
*Microsoft Corp. v. Nop,*
  549 F. Supp. 2d 1233 (E.D. Cal. 2008) ......................................... 11, 12
*Peer Int'l Corp. v. Pausa Records, Inc.,*
  909 F.2d 1332 (9th Cir. 1990) ............................................................. 15
*PepsiCo, Inc. v. California Sec. Cans,*
  238 F. Supp. 2d 1172 (C.D. Cal. 2002) ................................................. 5
*Playboy Entm't, Inc. v. Sanfilippo,*
  1998 WL 207856, at *5 (S.D. Cal. Mar. 25, 1998) ............................... 13
*Shaw v. Lindheim,*
  919 F.2d 1353 (9th Cir. 1990) ............................................................... 6

*Stevens v. Corelogic, Inc.,*
    899 F.3d 666 (9th Cir. 2018) ........................................................... 9, 10
*Stockwire Research Grp., Inc. v. Lebed,*
    577 F. Supp. 2d 1262 (S.D. Fla. 2008) ................................................. 18
*Swaim v. Moltan Co.,*
    73 F.3d 711 (7th Cir. 1996) ................................................................. 3
*TeleVideo Sys., Inc. v. Heidenthal,*
    826 F.2d 915 (9th Cir. 1987) ................................................................ 5
*Three Boys Music Corp. v. Bolton,*
    212 F.3d 477 (9th Cir. 2000) ................................................................ 6
*Twentieth Century Fox Film Corp. v. Streeter,*
    438 F. Supp. 2d 1065 (D. Ariz. 2006) ...................................... 6, 11, 20
*Warner Bros. Entm't Inc. v. Caridi,*
    346 F. Supp. 2d 1068 (C.D. Cal. 2004) ......................................... 6, 11

*Statutes*

 17 U.S.C. § 101 ........................................................................................ 2
17 U.S.C. §106 ......................................................................................... 6
17 U.S.C. §410(c) .................................................................................. 10
17 U.S.C. §504(c) ............................................................................. Passim
17 U.S.C. § 505 ................................................................................ 20, 21
17 U.S.C. § 1202 ............................................................................... Passim
17 U.S.C. § 1203 ............................................................................... Passim

*Regulations*

C.F. R. § 202.3(b)(3)(A) ........................................................................ 14

NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY THE COURT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This motion concerns a case of copyright infringement and violations of the Digital Millennium Copyright Act by Defendant DMI Holdings, a New Jersey Limited Liability Company, individually and doing business as "Dangerous" (collectively, "Dangerous") of six of Elliot McGucken's original photographs (the "Subject Photographs"). The Subject Photographs are owned by Plaintiff Elliot McGucken ("McGucken") and are registered with the United States Copyright Office. Complaint ¶ 9. Dangerous has been well aware of this action and yet has refused to defend itself in it. Through Dangerous' refusal to cooperate, McGucken's ability to determine the true scope of the infringement and to stop future infringements has been thwarted.

In December of 2017, McGucken discovered that Dangerous was using and publishing images of the Subject Photographs after having removed and/or altered McGucken's copyright management information ("CMI")[1], inserted its own false CMI, and commercially exploited the Subject Photographs on its website without McGucken's authorization. Declaration of Elliot McGucken ("McGucken Decl.") ¶ 5. Dangerous used the Subject Photographs for commercial purposes, including,

---

[1] The Digital Millennium Copyright Act defines "copyright management information" ("CMI") as "...information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form..." Such information includes, in part, "(2) The name of, and other identifying information about, the author of a work" and "(3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright." 17 U.S.C. § 1202(c)(2)-(3). In this instance, Dangerous removed McGucken's CMI in the form of metadata and text on or around the Subject Photographs and inserted fraudulent CMI in the form of the "Dangerous" logo. Complaint ¶¶ 30-32, Ex. A; McGucken Decl. ¶ 5.

- 1 –

but not limited to, on its website at https://www.dangerousperfume.com.
McGucken cannot be certain of the profits derived from the illicit use, except that
it was used without authorization. Had Dangerous participated in this litigation,
McGucken believes he would have discovered additional and essential
information.

As a result of Dangerous' disregard for the judicial system, Plaintiff now
moves this Court to enter default judgment against Dangerous in the amount of
$157,977.76. This amount includes $60,000.00 in statutory damages for copyright
infringement in violation of 17 U.S.C. § 101 *et seq.*, $90,000.00 in statutory
damages for removal of CMI and creation and distribution of false CMI in
violation of 17 U.S.C. § 1202, $1,377.76 in recoverable costs, and $6,600.00 in
attorneys' fees as allowed by L.R. 55-3.

## II.   RELEVANT FACTS AND PROCEDURAL HISTORY

McGucken is owner of the Subject Photographs that are the subject of this
lawsuit. The Subject Photographs were registered with the United States Copyright
Office. McGucken Decl. ¶ 4, 6.

McGucken is informed and believes and thereon alleges that Dangerous had
access to the Subject Photographs, including, without limitation, through viewing
the Subject Photographs online or viewing the Subject Photographs on a third-
party website (e.g., Google).

In this case, Dangerous obtained, exploited, and published the Subject
Photographs on its website after removing and/or altering McGucken's CMI and
subsequently inserting its own false CMI on the Subject Photographs, without
McGucken's authorization or consent. Complaint ¶¶ 30-32, Ex. A; McGucken
Decl. 5. As a professional photographer, McGucken invests heavily in the
production process for his photographs, and in the marketing of his photographs to

publications, brands and online media companies. McGucken Decl. ¶ 3.
McGucken's livelihood is based on his ability to market his services and license
his works. *Id.* Not only were the Subject Photographs exploited by Dangerous, but
Dangerous has undercut McGucken's business as a professional photographer.
Dangerous' refusal to cooperate in this litigation makes it impossible for
McGucken to fairly recover from Dangerous' exploitation of the Subject
Photographs which he owns.

## III.   DEFAULT JUDGMENT IS PROCEDURALLY PROPER.

McGucken requested and received an entry of default against Dangerous and
thus has no other course to pursue against this defendant except to move for default
judgment.[2]

Entry of default judgment ensures "that litigants who are vigorously
pursuing their cases are not hindered by those who are not in an environment of
limited judicial resources." *Swaim v. Moltan Co.*, 73 F.3d 711 (7th Cir. 1996); *see
also Joe Hand Promotions, Inc. v. Pollard*, No. CIVS-09-03155MCEDAD, 2010
WL 2902343 (E.D. Cal. July 22, 2010); Fed. R. Civ. P. §55(b)(2). As the sum of
judgment is not certain, McGucken must seek default judgment through the Court
rather than the Clerk. Fed. R. Civ. P. §55(b)(1), (2).

In the instant case, McGucken has vigorously pursued his case against
Dangerous. McGucken has diligently attempted to notice Dangerous of this
pending litigation, but Dangerous has failed to respond to the Complaint in the
correct form or to participate in this litigation whatsoever. Declaration of Justin M.
Gomes, Esq. ("Gomes Decl.") ¶ 2. As the time for response has now lapsed,

---

[2] Dangerous was served with operative Complaint and Summons on October 1,
2018 (*see* Dkt. 15). To date, no response to the operative Complaint has been filed
by Dangerous. Default was entered by the Clerk against Redrhino on December 6,
2018 (*see* Dkt. 18).

- 3 –

McGucken is left with no other action to enforce his intellectual property but to request a default judgment against Dangerous. Because all necessary procedural requirements have been met, the requested default judgment should be granted.

## IV.   DEFAULT JUDGMENT IS PROPER BECAUSE MCGUCKEN WOULD BE PREJUDICED IF HE WERE NOT ALLOWED TO RECOVER ON HIS LAWFUL CLAIMS OF INFRINGEMENT AND DMCA VIOLATIONS.

This is a straightforward case of copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA") by Dangerous of McGucken's copyrighted photographs. Because it is unlikely that there would be any genuine dispute concerning the substantial similarity of the photographs and Dangerous' access to McGucken's Subject Photographs, or of its acts of replacing McGucken's CMI with false CMI and subsequently distributing such infringing uses, McGucken would be prejudiced if he was unable to prosecute his case and obtain the substantial amount of statutory damages he would likely recover at trial.

The Court may grant default judgment in its discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making its decision, the Court may consider various factors, including (1) the possibility of prejudice to Plaintiff; (2) the merits of Plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether Defendant's default was due to excusable neglect; and (7) federal policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). As described below, the *Eitel* factors weigh heavily in favor of ordering a default judgment against Dangerous.

**A.     McGucken Would be Prejudiced if his Motion for Default Judgment Were Denied.**

McGucken has vigorously pursued his case and diligently attempted to notice Dangerous of this pending litigation. Rather than hiring counsel and attempting to properly litigate Plaintiff's infringement claims, Dangerous opted to simply default and hope that the judgment rendered by the Court would be lower than its potential legal fees. In the light of such flagrant misdeeds, to allow Dangerous to escape liability by ignoring McGucken and the judicial process would prejudice McGucken, a lawful copyright claimant. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (stating that if the plaintiff's motion for default judgment was not granted, plaintiff would be "without other recourse for recovery).

Further, McGucken has already incurred expenses in attempts to serve Dangerous as well as attorneys' fees in taking the necessary procedural steps to obtain a default judgment. Without an entry of default judgment against Dangerous, McGucken would be prejudiced and without other recourse for recovery. Therefore, this factor favors default judgment against Dangerous.

**B.     McGucken's Copyright Infringement Claims and DMCA Claims are Meritorious and Sufficiently Pled in the Complaint.**

Because the Complaint contains all necessary factual allegations for McGucken's copyright infringement claims and DMCA claims, and because such allegations must be taken as true now that Dangerous is in default, McGucken satisfies the second and third *Eitel* factors.

### 1.  Claims of Coypright Infringement

For purposes of default judgment, all factual allegations, except those pertaining to damages, are deemed admitted. *TeleVideo Sys., Inc. v. Heidenthal*,

826 F.2d 915, 918 (9th Cir. 1987). To properly allege a copyright infringement claim, a plaintiff "must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)); *see also Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004) (finding a complaint sufficient for the purposes of default judgment in a copyright infringement action where the plaintiff "alleged both ownership of a valid copyright and copying of constituent elements by [defendant]"). "Because, in most cases, direct evidence of copying is not available, a plaintiff may establish copying by showing that the infringer had access to the work and that the two works are substantially similar." *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).

McGucken is the owner of the copyrights in the Subject Photographs.[3] The Complaint alleges use of the Subject Photographs by Dangerous (Complaint ¶ 10, 17 Ex. A) and Dangerous' access to the Subject Photographs through McGucken's website and social media accounts or through third-party websites (Complaint ¶ 16.) Dangerous' unauthorized reproduction and uses of the Subject Photographs are violations of the copyrights which McGucken owns. *See* 17 U.S.C. §106.

### 2. Claims for Violations of the DMCA

  a. Claims under 17 U.S.C. §1202(a) – Creating False Copyright Management Information.

---

[3] Courts have consistently held that "registration is prima facie evidence of the validity of a copyright." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 488–89 (9th Cir. 2000).

Under 17 U.S.C. §1202(a), a plaintiff "must plausibly allege that defendant knowingly provided false copyright information and that the defendant did so with the intent to induce, enable, facilitate, or conceal an infringement." *Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018) (Summary Order), 17 U.S.C. §1202(a). Here, it is clear that Dangerous knowingly caused and concealed its infringement of McGucken's copyrights by digitally removing the original logo on the surfboards featured in each Subject Photograph and inserting its own "Dangerous" logo (Complaint ¶¶ 30-32, Ex. A; McGucken Decl. ¶ 5), making it appear as though the Subject Photographs were either Dangerous' own work rather than McGucken's work, or at least that Dangerous owned the photographs or had authorization to exploit them, concealing its infringement. Dangerous then published those altered, infringing images featuring the false CMI in connection with the advertisement and promotion of its brand. Because the creation of infringing images of this nature involved the deliberate removal of the original logo and insertion of Dangerous' own logo, there is little doubt that this activity was deliberate, willful, and intentional. Complaint ¶ 34. Likewise, the distribution and display of these infringing images could only be intentional. *Id.* Dangerous' creation of false CMI and subsequent distribution of infringing images featuring this false CMI are in direct violation of Section 1202(a).

b.  <u>Claims under 17 U.S.C. §1202(b) – Removing and/or Altering CMI and Subsequent Distribution.</u>

When alleging a DMCA claim as set forth under section 1202(b), a plaintiff must show that the defendant acted in at least one of the following ways:

1) intentionally remove[d] or alter[ed] any CMI;
2) distribute[d] or import[ed] for distribution CMI knowing that the CMI has been removed or altered without authority of the copyright owner of the law, or

3)   distribute[d], import[ed] for distribution, or publicly perform[ed] works, copies of works, or phonorecords, knowing that CMI ahs been removed or altered without authority of the copyright owner or the law,

Knowing, or,... having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202(b)(1)-(3).

In this action, it is apparent that Dangerous engaged in conduct that violates section 1202. As shown below, Dangerous removed the original logo on the surfboards featured in each Subject Photograph and inserted its own "Dangerous" logo. This intentional, flagrant removal is clearly in violation of 17 U.S.C.A. § 1202(b)(1) (*see also* Complaint ¶¶ 31, Ex. A) :

| Subject Photograph | Infringing Use |
| --- | --- |
|  | |

Infringing URL:
http://dangerousperfume.com/dangerous-summer/
Image URLs:
http://dangerousperfume.com/wp-content/uploads/2015/04/dangerous-cologne-surfer-girl-black-300x185.jpg
Large Image:
http://dangerousperfume.com/wp-content/uploads/2015/04/dangerous-cologne-surfer-girl-black.jpg

Dangerous then distributed these infringing images which contained Dangerous' false CMI online to promote and advertise its brand, without

McGucken's permission or license, satisfying subsections (2) and (3). Complaint ¶ 32.

When considering a claim of DMCA violations concerning section 1202(b), "Both provisions [in 17 U.S.C § 1202(b)(1) and 1202(b)(3)]... require the defendant to possess the mental state of knowing, or having a reasonable basis to know, that his actions 'will induce, enable, facilitate, or conceal' infringement. *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 673 (9th Cir. 2018), *cert. denied*, No. 18-878, 2019 WL 145253 (U.S. Feb. 19, 2019).

Here, it is apparent that Dangerous removed an original logo appearing on each Subject Photograph and inserted its own commercial logo. This can only have been done intentionally. Complaint ¶¶ 30-32, Ex. A; McGucken Decl. ¶ 5. As demonstrated above in the discussion regarding claims involving section 1202(a), the very nature of Dangerous' conduct—digitally altering images to remove an original logo appearing on the Subject Photographs, a necessary step in fraudulently applying false CMI in the form of Dangerous' logo for commercial purposes—points to deliberate behavior and full knowledge that its creation of the infringing images would " '...induce, enable, facilitate, or conceal' infringement." *Id*. There is no good faith argument that can be made that the removal of a portion of an original photograph and the replacement with one's own logo or identifying information could be done without knowledge. There is similarly no good faith argument to be made that the subsequent distribution of that photograph could be done without the understanding that such conduct was in the service of infringing an artist's copyright for commercial gain.[4]

---

[4] To the extent that such an argument could be made, Dangerous has waived its opportunity to make it by failing to appear in this Action.

Indeed, Dangerous' infringing uses were accompanied by the phrase "These women surfers wear Dangerous all summer long." Complaint ¶ 32. The presence of Dangerous' logo and its assertion that the women appearing the Subject Photographs had a connection or involvement with Dangerous' brand heavily suggests that Dangerous attempted to represent that it held ownership in the Subject Photographs. *Id*.

*** 

Because the Complaint properly alleges the constituent elements of causes of action for copyright infringement and D.M.C.A violations, the Complaint is sufficient. McGucken's meritorious claims and the sufficiency of the complaint weigh in favor of default judgment against Dangerous.

## B. McGucken Should Not Be Denied the Substantial Amount of Damages He Would Likely Recover from Dangerous at Trial.

The statutory damages McGucken requests, discussed further below, is a substantial amount to which McGucken is entitled as the owner of the registered copyright. The financial incentive to steal proprietary photographs, alter their CMI, and reproduce and use those photographs for commercial purposes is enormous. It is thus critical to adequately deter and sanction infringing activity. This recoverable amount weighs in favor of default judgment against Dangerous.

## C. There is Little Possibility of a Dispute Concerning Material Facts.

As owner of a copyrighted work, McGucken enjoys a presumption of validity in his copyright. *See* 17 U.S.C. §410(c). If Dangerous disputed this validity, it certainly would have appeared to defend itself in this litigation regarding a copyright infringement claim. As a reasonable dispute over this material issue is unlikely, this factor weighs in favor of default judgment against Dangerous.

### D. Dangerous' Neglect in Defaulting is Not Excusable.

Because Dangerous was properly served with the Complaint, Dangerous' failure to respond in the correct form to this action cannot be due to excusable neglect. "A defendant's conduct in failing to respond may either be culpable or due to excusable neglect. A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) (internal quotations omitted). Dangerous has failed to appear in this action despite being properly served with the Complaint and thus has not "demonstrated a clear purpose to defend the suit." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1074 (D. Ariz. 2006) n1.

Because Dangerous has made no appearance in the correct form whatsoever, nor has it made any effort even to argue excusable neglect for its disregard of McGucken's claims and the judicial process, this factor weighs heavily in favor of default judgment.

### E. Although the Federal Rules Generally Prefer Decisions on the Merits, Dangerous Has Made A Decision on the Merits Impossible.

Dangerous' refusal to participate in this litigation has made a decision on the merits impossible; therefore, default judgment is appropriate. Courts have found that "in light of the entry of default against defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008). Because Dangerous failed to answer the Complaint, McGucken was deprived of the opportunity to conduct discovery to facilitate a decision on the merits. Because the Copyright Act and the DMCA allow statutory damages in lieu of actual damages

(17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c)), recovery for McGucken is still possible despite such recalcitrance from Dangerous. As discussed below, McGucken requests such allowable statutory damages. For these reasons, this factor heavily favors default judgment.

***

Application of the various *Eitel* factors to this case mandates the Court to exercise its discretion in ordering a default judgment against Dangerous.

## V.   MCUGKCEN SHOULD BE AWARDED STATUTORY DAMAGES OF $10,000 PER IMAGE FOR COPYRIGHT INFRINGEMENT AND $15,000 PER IMAGE FOR VIOLATIONS OF THE DMCA

Pursuant to McGucken's Complaint, Dangerous is in default on and now liable for six acts of copyright infringement and six acts of violations of the DMCA As such, McGucken is entitled to damages in the sum of $60,000.00 for copyright infringement (at $10,000 per image) (17 U.S.C. §504(c)(2)) and $90,000.00 for violations of the DMCA (at $15,000.00 per image) (17 U.S.C.A. § 1203(c)(3)).

### A.   Given Dangerous' Failure to Participate in This Litigation, McGucken Elects to Recover Statutory Damages.

Dangerous failed to answer the Complaint and thus deprived McGucken of the opportunity to find out the full scope of Dangerous' profits or continued use of the Subject Photographs through discovery in order to compute McGucken's actual damages. "[S]tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008). Because Dangerous made McGucken unable to even approximate

actual damages as a result of Dangerous' infringement, McGucken elects to recover statutory damages.

Pursuant to the Copyright Act, the plaintiff in a copyright infringement suit "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Further, "because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant." *Los Angeles News Service v. Reuters Television Intern, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998); *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001).

A Court may also issue separate awards of statutory damages for each work infringed in an action, even if those works appear together under a single publication or are registered together as a group with the United States Copyright Office. In *Playboy Entm't, Inc. v. Sanfilippo*, the Court did just that, noting that

> ...although each of these images may have appeared in a singular issue of one of plaintiff's copyrighted publications, these images are subject to re-use and redistribution in accordance with various licensing arrangements. Furthermore, each image represents a singular and copyrightable effort concerning a particular model, photographer, and location. The fact that many of these images appeared together should not detract from the protection afforded to each individual effort.

No. 97-0670-IEG (LSP), 1998 WL 207856, at *5 (S.D. Cal. Mar. 25, 1998). Further, the First Circuit confirmed that a group of works may be considered distinct from each other when considering how to award statutory damages.

- 13 –

Under regulations promulgated by the Copyright Office, the copyrights in multiple works may be registered on a single form, and thus considered one work for the purposes of registration, see C.F.R. § 202.3(b)(3)(A), while still qualifying as separate "works" for the purposes of awarding statutory damages. We are unable to find any language in either the statute or the corresponding regulations that precludes a copyright owner form registering the copyrights in multiple works on a single registration form while still collecting an award of statutory damages for the infringement of each work's copyright.

*Gamma Audio & Video, Inc. v. Ean-Chea*, 11 F.3d 1106, 1117 (1st Cir.1993)

Moreover, in cases where the copyright owner proves willful infringement, the plaintiff may collect an award of statutory damages up to $150,000.00 per infringement. 17 U.S.C.§ 504(c)(2).

Similarly, the D.M.C.A sets forth that "At any time before final judgment is entered, a complaining party may elect to recover an award of statuory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000." 17 U.S.C. § 1203(b)(3). Further, "because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant." *Los Angeles News Service v. Reuters Television Intern, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998); *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001).

In this case, Dangerous chose not to answer or otherwise respond to the Complaint and thus frustrated McGucken's ability to determine actual damages and profit disgorgement. Statutory damages are therefore particularly appropriate in the present action. Plaintiff further assers that Dangerous' conduct was willful (Complaint ¶¶ 22, 28, 34), and all allegations, including willfulness, are taken to be

true in seeking default judgment. *See Aries Music Entm't, Inc. v. Angelica's Record Distributors, Inc.*, 506 Fed. Appx. 550, 552 (9th Cir. 2013).

### B. A Statutory Award of $10,000 Per Image for Copyright Infringement is Reasonable in This Case.

McGucken seeks to recover $10,000.00 per instance of infringement–less than the maximum statutory damages award allowed for nonwillful copyright infringement. 17 U.S.C. §§ 504(c)(1); *see Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990). When determining an amount of statutory damages in the context of default judgment in a copyright infringement action, the Court is guided by "the nature of the copyright, the circumstances of the infringement and the … express qualification that in every case the assessment must be within the prescribed maximum or minimum." *Peer Int'l Corp.*, 909 F.2d at 1336 (9th Cir. 1990); *see also Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("[T]he amount of statutory damages and costs requested consists of discretionary awards and statutory minimums.").

Furthermore, where the plaintiff has "pled that the defendants engaged in continuing willful infringement of its copyrights… the district court's default judgment includes an implied finding of willfulness." *Aries Music Entm't, Inc. v. Angelica's Record Distributors, Inc.*, 506 Fed. Appx. 550, 552 (9th Cir. 2013). Here, Plaintiff has established by presumption of willfulness by pleading that Defendants' "acts of copyright infringement were, and continue to be, willful, intentional and malicious." Complaint ¶ 16. Nevertheless, although Plaintiff may seek statutory damages of up to $150,000.00 for each act of infringement, it only requests reasonable damages of $10,000.00 per infringed image for a total of $60,000.00, resulting in a total that is smaller than the statutory maximum for a single act of willful infringement.

Thus, because the requested statutory damages amount is within the statutorily prescribed minimum and maximum, Plaintiff's request is not unreasonable and should be granted in order to vindicate its claim of copyright infringement.

### 1.  McGucken Would Succeed In Proving Dangerous' Infringement at Trial.

This amount is reasonable in light of Dangerous infringement of McGucken's Subject Work as part of its business as a travel website. As discussed above, McGucken would have been able to prove this infringement at trial. An infringer, like Dangerous, should not be unjustly enriched for its refusal to take responsibility for its unlawful actions. Thus, awarding McGucken anything less than the statutory maximum would effectively reward Dangerous' refusal to cooperate in this litigation and encourage other defendants to follow suit.

### 2.  An Award of Statutory Damages Will Prevent Dangerous' Unjust Enrichment.

In essence, the Copyright Act provides that no party should profit from the unauthorized use of a proprietary work. Unfortunately, Dangerous' default prevents McGucken from uncovering the scope of the infringement or how much was earned by Dangerous—damages that would fall on Dangerous' shoulders to pay should McGucken recover at trial.

Moreover, Dangerous' default prevents McGucken from obtaining a jury verdict against it for $30,000.00 in statutory damages, a statutory damages award that McGucken's counsel has successfully attained in other cases. *See, e.g.*, *L.A. Printex Industries Inc. vs. G&G Multitex, Inc.*, 2010 WL 6648986 (Case No. 09-CV-03812, C.D.Cal. December 08, 2010, jury verdict for $150,000.00 in statutory damages against Defendant who claimed only a few thousand in profits). As with

the *G&G Multitex* case, the availability of a substantial statutory damage award against Dangerous exists even if its profits were relatively small.

If Dangerous had participated in this litigation it would likely have faced damages of $30,000 plus costs of litigation for itself and McGucken. It stands to be unjustly enriched by anything less than an award of statutory damages in the amount of $60,000 given Dangerous' blatant and reckless disregard for its actions in copyright infringement and failing to cooperate with judicial system.

### 3.   *Statutory Damages Will Deter Future Infringement.*

Finally, an award of $60,000.00 will serve as an effective deterrent for those like Dangerous who seek to profit from the work of others. Individual artists and creators producing high quality work will not be able to survive if their competitive advantage—namely, their intellectual property—can be stolen without serious consequence. The financial incentive to steal proprietary artwork from individuals and use it for commercial purposes is enormous. It is thus critical to adequately deter and sanction infringing activity.

### F.  A Statutory Award of $15,000 Per Violation of the DMCA is Reasonable in This Case.

McGucken seeks to recover $15,000.00 per violation of the DMCA for a total of $90,000.00– far less than the allowable maximum of $25,000.00 *per act* in statutory damages awards allowed for violations of Section 1202. 17 U.S.C. § 1203(c)(3)(b). In an evidentiary hearing granting a plaintiff's motion for default judgment on DMCA claims under Section 1202(b), the United States District Court for the Southern District of Florida awarded the plaintiff the maximum statutory damages separately for all three violations pled in the plaintiff's Amended Complaint. It notes:

> Here, as in *McClatchey,* Defendants posted an unauthorized work onto a website, thus allowing multiple viewers unlawful

- 17 –

> access. Following the *McClatchey* analysis... for purposes of §§ 1202 and 1203(c)(3)(B), Defendants posted the Unauthorized Product on to the internet on three separate occasions, and therefore committed three violative acts. *See id.* Consequently, under Count II of the Amended Complaint, the Court awards [Plaintiff] Stockwire the maximum statutory damages on the basis of three § 1202 violations, totaling $75,000.00."

*Stockwire Research Grp., Inc. v. Lebed*, 577 F. Supp. 2d 1262, 1267 (S.D. Fla. 2008) (*see also McClatchey v. Associated Press*, No. 305-CV-145, 2007 WL 1630261 (W.D. Pa. June 4, 2007)).

Further, in determining statutory damages, "Congress has determined that in order to deter violations of the DMCA, plaintiffs electing statutory damages may receive a windfall." *McClatchey*, 2007 WL 1630261, at *6. (Order Granting Defendant's Motion in Limine seeking a legal determination, involving the calculation of damages under DMCA 17 U.S.C. § 1203.) The Court continues, "the term 'each violation' [as set forth in 17 U.S.C. § 1203(c)(3)] is best understood to mean 'each violative act performed by Defendant.' Thus, [Defendant] would violate the DMCA each time it wrongfully distributed a photograph to its subscribers." *Id*.

Here, Dangerous posted infringing copies of six Subject Photographs that are the proprietary work of McGucken, all bearing false CMI. Under these circumstances, and in accordance with 17 U.S.C. § 1203(c)(3) which allows statutory damages of "not less than $2,500 or more than $25,000" for all six violative acts, McGucken stands to gain $150,000.00 in total statutory damages for his claims brought under the DMCA. Nevertheless, although Plaintiff may seek statutory damages of up to $25,000 for each DMCA violation, he only requests reasonable damages of $15,000 for each violation, resulting in a total of

$90,000.00, which is smaller than the statutory maximum allowed under the DMCA.

Thus, because the requested statutory damages amount is within the statutorily prescribed minimum and maximum, Plaintiff's request is not unreasonable and should be granted in order to vindicate his claims of DMCA violations.

### 1.   *McGucken Would Succeed In Proving Dangerous' Violations at Trial.*

This amount is reasonable in light of Dangerous' blatant removal of McGucken's CMI and its creation of false CMI in its unauthorized commercial exploitation of McGucken's Subject Photographs. As discussed above, McGucken's DMCA claims are apparent and he would have been able to prove them at trial. An infringer, like Dangerous, should not be unjustly enriched for its refusal to take responsibility for its unlawful actions. Thus, awarding McGucken anything less than the amount requested here would effectively reward Dangerous' refusal to cooperate in this litigation and encourage other defendants to follow suit.

### 2.   *An Award of Statutory Damages Will Prevent Dangerous' Unjust Enrichment.*

Dangerous' default prevents McGucken from uncovering how much was earned by Dangerous in connection with its false CMI and its exploitation of McGucken's Subject Photographs—damages that would fall on Dangerous' shoulders to pay should McGucken recover at trial.

Moreover, Dangerous' default prevents McGucken from obtaining a jury verdict against it for $25,000.00 in statutory damages per violation. The availability of a substantial statutory damage award against Dangerous exists even if its profits were relatively small.

If Dangerous had participated in this litigation it would likely have faced damages of $150,000 for its DMCA violations, plus costs of litigation for itself and McGucken. It stands to be unjustly enriched by anything less than an award of statutory damages in the amount of $15,000.00 per violation, given Dangerous' blatant and reckless disregard for its actions in altering an author's CMI and distributing its own false CMI, as well as failing to cooperate with judicial system.

### 3.   *Statutory Damages Will Deter Future Violations.*

Finally, an award of $15,000.00 per violation will serve as an effective deterrent for those like Dangerous who seek to profit from the work of others. Individual artists and creators producing high quality work will not be able to survive if their competitive advantage—namely, their intellectual property and its CMI—can be removed or altered without serious consequence. The financial incentive to steal proprietary artwork from individuals and exploit it for commercial purposes is enormous. It is thus critical to adequately deter and sanction infringing activity.

## VI.   MCGUCKEN IS ENTITLED TO RECOVER COSTS IN THE AMOUNT OF $1,377.76.

Under the Copyright Act and the DMCA, a prevailing copyright owner may recover full costs. 17 U.S.C. § 505; 17 U.S.C. § 1203(b)(4); *see also Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388 (C.D. Cal. 2005) (awarding full costs to Plaintiff in default judgment for copyright infringement action). "An award of attorneys' fees would promote the protection of copyrights and further the goal of deterrence, by encouraging infringement actions for such violations." *Twentieth Century Fox Film Corp.*, 438 F.Supp.2d at 1075. McGucken requests to recover $1,377.76 in litigation costs it incurred in this case. *See* Gomes Decl. ¶ 6.

## VII.   MCGUCKEN IS ENTITLED TO REASONABLE ATTORNEYS' FEES.

In addition to costs, a prevailing copyright owner may also recover reasonable attorneys' fees under the Copyright Act. 17 U.S.C. §505; 17 U.S.C. § 1203(b)(4). McGucken requests to recover these fees by this Court's default judgment.

A court may award "full costs, including reasonable attorneys' fees, to the prevailing party in a claim arising under the Copyright Act." 17 U.S.C. §505. Where a plaintiff is entitled to attorneys' fees by statute, the Court may award reasonable attorneys' fees with a default judgment in its discretion. *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993). In the Central District, the Court can even award an amount greater than that calculated under the schedule of attorney fees for default cases. *See* Local Rule 55-3.

In this case, because McGucken seeks a total default judgment of $150,000.00 in statutory damages for copyright infringement and DMCA violations combined, Local Rule 55-3 provides an attorney's fee award of $6,600.00. Thus, McGucken requests an award of $6,600.00 to cover reasonable attorneys' fees. *See* Gomes Decl. ¶ 5.

*///*

# VIII.  CONCLUSION

Based on the foregoing, McGucken respectfully requests that the Court enter a default judgment against Dangerous and in favor of McGucken awarding statutory damages for copyright infringement in the amount of $60,000.00, statutory damages for violations of the DMCA in the amount of $90,000.00, attorneys' fees in the amount of $6,600.00, and costs in the amount of $1,377.76.

Respectfully submitted,

Dated:  March 4, 2019                    By:    /s/ *Justin M. Gomes*
                                                Scott Alan Burroughs, Esq.
                                                Trevor W. Barrett, Esq.
                                                Justin M. Gomes, Esq.
                                                DONIGER / BURROUGHS
                                                Attorneys for Plaintiff

## <u>DECLARATION OF JUSTIN M. GOMES, ESQ.</u>

I, Justin M. Gomes, Esq., am an attorney at Doniger / Burroughs, which represents Plaintiff Elliot McGucken in this action. I have personal knowledge of each of the following facts stated in this declaration:

1. My firm caused this lawsuit to be filed against Defendant DMI Holdings, a New Jersey Limited Liability Company, individually and doing business as "Dangerous" (collectively, "Dangerous"), which was served on October 1, 2018 (*see* Dkt. 15).

2. Although Dangerous was served with the Summons and Complaint, it has not responded in the correct form or otherwise appeared in this action.

3. On December 6, 2018, the Court entered default in favor of Plaintiff and against Dangerous (*see* Dkt. 18).

4. To my best knowledge, Dangerous is not a minor, incompetent, or in military service.

5. Pursuant to Local Rule 55-3, Plaintiff seeks attorneys' fees in the amount of $6,600.00 in connection with the pursuit of Plaintiff's claims against Dangerous.

6. Plaintiff has incurred at least $1,377.76 in litigation costs, including in connection with the service of process on Dangerous, and obtaining a default against Dangerous and serving Dangerous with notice of the same.

7. My office caused a copy of Plaintiff's request for default and a copy of this motion to be mailed to Dangerous on March 4, 2019.

///

NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY THE COURT

I solemnly swear and declare under the laws of the United States of America and the penalty of perjury that the foregoing is true and correct.

Dated: March 4, 2019          By:      /s/ *Justin M. Gomes*
                                        Justin M. Gomes, Esq.
                                        Declarant

NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY THE COURT