Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elliot McGucken,<br><br>Plaintiff,<br><br>v.<br><br>DMI Holdings; *et al*.,<br><br>Defendants. | Case No. CV18-4837 DSF (GJSx)<br>*Hon. Dale S. Fischer Presiding*<br><br><br>**SUPPLEMENTAL BRIEF IN REGARD TO SECTION 1202 ISSUES; DECLARATION OF ELLIOT MCGUCKEN** |

- 1 -

Plaintiff, Elliot McGucken, hereby submits this supplemental briefing per the Court's Order of March 25, 2019. See U.S.D.C. *Dkt.* No. 22. As fully set forth below, Section 1202's definition of copyright management information (CMI) is to be read expansively and should sweep within its ambit the CMI at issue. The Declaration of Elliot McGucken, submitted herewith, details how McGucken has used the name and logo at issue to indicate his authorship and ownership of his work for over a decade.

### A.    1202 defines CMI expansively.

The purpose of the CMI statute is to protect against online infringement of an author's works. *MDY Indus., LLC v. Blizzard Entm't, Inc.,* 629 F.3d 928, 942 (9th Cir. 2010) ("In enacting the DMCA, Congress sought to mitigate the problems presented by copyright enforcement in the digital age."). To that end, the courts have interpreted what constitutes CMI expansively. See, e.g., *McGucken v. Chive Media Grp., LLC*, No. 18-cv-01612-RSWL (KSx), 2018 WL 3410095, at *4 (C.D. Cal. July 11, 2018) (watermarks identifying author and owner constitute CMI); *Iconics, Inc. v. Massaro*, 192 F. Supp. 3d 254, 272 (D. Mass. 2016) ("[C]opyright headers are paradigmatic CMI."); *Agence Fr. Presse v. Morel*, 769 F. Supp. 2d 295, 306 (S.D.N.Y. 2011) (notations containing author and copyright owner's name constitutes CMI).

Numerous courts have concluded that CMI includes material other than an author's name and does include trade names and logos. *Aaberg v. Francesca's Collections, Inc.,* No. 17-CV-115 (AJN), 2018 WL 1583037, at *7 (S.D.N.Y. Mar. 27, 2018), citing Id. citing *Williams v. Cavalli*, No. 14-CV-6659, 2015 WL 1247065, at *2 (C.D. Cal. Feb. 12, 2015) (finding pseudonymous signatures are CMI); *Aardwolf Indus., LLC v. Abaco Machs. USA, Inc.*, No. 16-CV-1968, 2016 WL 9275401, at *4 (C.D. Cal. Nov. 21, 2016) (finding a collective logo, copyright symbol, and design mark sufficient CMI); *Goldstein v. Metro. Reg'l Info. Sys., Inc.*, No. 15-CV-2400, 2016 WL 4257457, at *8 (D. Md. Aug. 11, 2016) (finding that a

mark consisting of a copyright symbol and website address meets the definition of CMI in § 1202(c)(3)). That is because "the point of CMI is to inform the public that something is copyrighted and to prevent infringement." *Pers. Keepsakes, Inc. v. Personalizationmall.com*, No. 11-CV-5177, 2012 WL 414803, at *6 (N.D. Ill. Feb. 8, 2012). Here, McGucken's 45SURF name and logo indicates to the public that he authored and owns the photographs, and provides notice to the public that the photographs are his proprietary works. McGucken's logo constitutes CMI.

### B.    A trade name and logo imposed on a digital image constitutes "copyright management information."

Courts routinely find logos to constitute CMI. The statutory definition of CMI includes: 1) the name of, and other identifying information about, the author of a work, the name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright, and <u>identifying numbers or symbols</u> referring to such information or links to such information." *Aaberg v. Francesca's Collections, Inc.,* No. 17-CV-115 (AJN), 2018 WL 1583037, at *6 (S.D.N.Y. Mar. 27, 2018)(emphasis added; internal citation and quotations omitted).

Courts hold that "trademark information may constitute CMI if it is used to signal authorship of a copyrighted work, as it is here." *GC2 Inc. v. Int'l Game Tech. PLC*, 255 F. Supp. 3d 812, 822 (N.D. Ill. 2017). And CMI can be "contained in the body of a work," and need not exactly match the name of the copyright owner. *Fischer v. Forrest*, 286 F. Supp. 3d 590, 608 (S.D.N.Y. 2018), citing *Bounce Exch., Inc. v. Zeus Enter. Ltd.*, No. 15CV3268 (DLC), 2015 WL 8579023, at *3 (S.D.N.Y. Dec. 9, 2015) (a "shorthand form of the official name of the author of the work" can constitute CMI).

Trade names and logos, like McGucken's 45SURF name and logo, have been held to constitute CMI. *Aaberg v. Francesca's Collections, Inc.,* No. 17-CV-115

(AJN), 2018 WL 1583037, at *7 (S.D.N.Y. Mar. 27, 2018). Indeed, a "trade or brand name" or "logo" are all sufficient to identify the copyright holder and are thus CMI. Id., citing *GC2 Inc. v. Int'l Game Tech. PLC*, 255 F. Supp. 3d 812, 822 (N.D. Ill. 2017) ("[T]rademark information [such as a trademark logo] may constitute CMI if it is used to signal authorship of a copyrighted work ..."); *Fischer v. Forrest*, No. 14-CV-1304 (PAE), 2018 WL 948758, at *12 (S.D.N.Y. Feb. 16, 2018) (finding that CMI "need not exactly match the name of the copyright owner"). Here, as discussed above, the 45SURF name nad logo identifies the author and copyright holder and attributes the work to 45SURF and is thus CMI.

**C.    The "45SURF" name and logo that appears on the Subject Photographs identifies Plaintiff.**

McGucken uses his 45SURF trade name and logo as CMI, and has done so since 2006. McGucken Decl. 1. He included the name and logo on the works at issue in the case to identify himself as the author and copyright holder. Id. at 2. The 45SURF name and logo, which he created and has consistently used on his photography, marries two classic American and California archetypes, the surfer (represented by the surfboard) and the cowboy (represented by the Colt .45 Revolver from his favorite film Sergio Leone's *Fistful of Dollars*). Id. at 3. McGucken's photographs incorporating his 45SURF name and logo have received over 1.5 billion views on flickr (an online photography platform) alone, where his work averages around a million views per day. Id at 4. He uses his 45SURF name and logo to mark and identify himself as the author of these works. Id. at 5. He uses the 45SURF name and logo to identify the work as his creation Id. at 6. And to inform the public that he is the copyright holder for said work. Id. at 7. Removal of the 45SURF name and logo from his work makes the work more vulnerable to unlawful copying, as there is no longer any indicia of ownership or authorship. Id. at 8. The 45SURF name and logo thus constitutes McGucken's CMI. Id. at 9.

**D.      DMI violated Section 1202**

Given the above, DMI Holdings violated 1202 when it removed McGucken's 45SURF name and logo from his photographs before publishing said photographs without consent.

Respectfully submitted,

Date: April 5, 2019                    By:    /s/ *Scott Alan Burroughs*
                                              Scott Alan Burroughs, Esq.
                                              Trevor W. Barrett, Esq.
                                              DONIGER / BURROUGHS
                                              Attorneys for Plaintiff

SUPPLEMENTAL BRIEFING

## DECLARATION OF ELLIOT MCGUCKEN

I, Elliot McGucken, am above 18 years of age and declare under oath and the penalty of perjury from my own personal knowledge as follows:

1.    I use my 45SURF name and logo as CMI, and have done so since 2006.

2.    I included the 45SURF name and logo on the works at issue in the case to identify myself as the author and copyright holder.

3.    The 45SURF name and logo, which I created and have consistently used on my photography, marries two classic American and California archetypes, the surfer (represented by the surfboard) and the cowboy (represented by the Colt .45 Revolver from my favorite film, Sergio Leone's *Fistful of Dollars*).

4.    My photographs incorporating my 45SURF name and logo have received over 1.5 billion views on flickr (an online photography platform) alone, where my work averages around a million views per day.

5.    I use my 45SURF name and logo to mark and identify myself as the author of these works.

6.    I use the 45SURF name and logo to identify the works as my creation.

7.    And to inform the public that I am the copyright holder for said work.

8.    Removal of my 45SURF name and logo from my work makes the work more vulnerable to unlawful copying, as there is no longer any indicia of ownership or authorship.

9.    The 45SURF name and logo thus constitutes my CMI.

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct. Executed on April 5, 2019.

By:   *Elliot McGucken*
ELLIOT MCGUCKEN

- 6 -