UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT MCGUCKEN,<br>    Plaintiff,<br><br>           v.<br><br>DMI HOLDINGS, et al.,<br>    Defendants. | CV 18-4837 DSF (GJSx)<br><br>Order GRANTING Application for Default Judgment (Dkt. 20) |

   Plaintiff Elliot McGucken moves for default judgment against Defendant DMI Holdings, a New Jersey limited liability company, for copyright infringement under 17 U.S.C. § 101 et seq., and for violations of the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 1202. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The motion is GRANTED.

## I.  BACKGROUND

   Plaintiff is a professional photographer. Dkt. 20-1 (McGucken Decl.), ¶ 2. He invests heavily in the production process of his photographs, and in the marketing of his photographs to publications, brands, and online media companies. Id. ¶ 3. Plaintiff uses the 45SURF name and logo (the 45SURF Logo) to identify his work and identify himself as the author of the work. See Dkt. 23, at 6 (McGucken Supp. Decl.) ¶¶ 1, 5-6.

Plaintiff owns the six photographs that are the subject of this lawsuit (the Subject Photographs).  McGucken Decl. ¶ 4.  The Subject Photographs were registered with the U.S. Copyright Office.  McGucken Decl. ¶ 6.  Defendant obtained and republished the Subject Photographs, replacing the 45SURF Logo on each photograph with its own logo (the DANGEROUS Logo), without Plaintiff's authorization or consent.  Compl. ¶¶ 30-32.

Defendant was served with the Summons and Complaint on October 1, 2018.  Dkt. 15.  Defendant has not responded to the Complaint or otherwise appeared or participated in this litigation.  The Clerk properly entered Defendant's default on December 6, 2018.  Dkt. 18.

## II. LEGAL STANDARD

Rule 55(b)(2) permits the Court to enter a default judgment.  The Court need not make detailed findings of fact in the event of default.  Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990).  On entry of a default, well-pleaded allegations in the complaint regarding liability are generally deemed to be admitted.  DIRECTV, Inc. v Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007).  Allegations as to damages, however, must be proven.  See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

The Court may consider several factors "in exercising discretion as to the entry of a default judgment includ[ing]: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III.  DISCUSSION

### A.  Jurisdiction

Where, as here, "entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

The Court has subject-matter jurisdiction over Plaintiff's copyright and DMCA claims.  As to personal jurisdiction, although it ordinarily is a defense that may be waived, it may not be presumed where a plaintiff seeks default judgment.  See id. ("A judgment entered without personal jurisdiction over the parties is void.").

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis.  First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute.  Second, the exercise of jurisdiction must comport with federal due process." Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404-05 (9th Cir. 1994) (citation omitted).  Because California's long-arm statute reaches as far as due process allows, see Cal. Civ. Proc. Code § 410.10, the Court need consider only whether the exercise of jurisdiction comports with due process.  Due process requires that nonresident defendants have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).  Taken as true, Plaintiff's allegation that Defendant "is doing business in and with the State of California" is sufficient to establish that the Court has personal jurisdiction over Defendant.  Compl. ¶ 5.

## B. The Eitel Factors Weigh in Favor of Granting Default Judgment

### 1. Prejudice to Plaintiff

Plaintiff would be prejudiced by a denial of his motion. Defendant cannot escape liability by refusing to participate in the judicial process, and Plaintiff has incurred expenses in bringing this action.

### 2. Merits of Substantive Claims and Sufficiency of Complaint

Plaintiff brings claims of direct copyright infringement and violations of the DCMA.  See Dkt. 1 (Compl.) ¶¶ 15-22, 29-34.

#### a. Copyright Infringement

"Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement:  (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001). Copyright infringement is defined as "violat[ing] any of the exclusive rights of the copyright owner as provided by sections 106 through 122" of Title 17.  17 U.S.C. § 501(a).  Under Section 106, "the owner of copyright . . . has the exclusive rights . . . (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; [and] (3) to distribute copies or phonorecords of the copyrighted work to

4

the public by sale or other transfer of ownership, or by rental, lease or lending; . . . ." 17 U.S.C. § 106. The copyright owner has a private right of action under Section 501(b).

Plaintiff has pleaded the elements of a claim for copyright infringement. Plaintiff is the owner of the Subject Photographs. Compl. ¶ 8; McGucken Decl. ¶ 4. The Complaint sufficiently alleges substantial similarity between the Subject Photographs and the infringing photographs. See Compl. Ex. A, ¶¶ 1-6. Defendant had access to the Subject Photographs through McGucken's website, social media accounts, and third-party websites. Compl. ¶ 16. Taken as true, these allegations support a finding that Defendant committed the alleged copyright violations.

### b. DMCA Violations

Plaintiff's next brings claims for relief under 17 U.S.C. § 1202. Section 1202(a) of the DMCA provides that "no person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement— (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false." 17 U.S.C. § 1202(a).

Section 1202(b) provides that:

> No person shall, without the authority of the copyright owner or the law--
>
> (1) intentionally remove or alter any copyright management information, . . . , or

> (3) distribute, import for distribution or publicly perform works [or] copies of works, . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,
>
> knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

Section 1202(c) defines "copyright management information" (CMI) as including, among other things, any of the following information:

> (1) The title and other information identifying the work, including the information set forth on a notice of copyright.
>
> (2) The name of, and other identifying information about, the author of a work.
>
> (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. . . .

Plaintiff pleads that Defendant removed the 45SURF Logo that appeared on each Subject Photograph and inserted the DANGEROUS Logo. Compl. ¶¶ 30-32, Ex. A; McGucken Decl. ¶ 5.

Plaintiff's 45SURF Logo—which it superimposed onto each Subject Photograph—constitutes CMI under § 1202(c) of the DMCA. This information acts to identify Plaintiff and his brand as the author and owner of the Subject Photographs. See, e.g., McGucken v. Chive Media Grp., LLC, No. CV 18-01612 RSWL-KS,

2018 WL 3410095, at *4 (C.D. Cal. July 11, 2018) (holding a photograph's watermark constitutes CMI). For the same reasons, the DANGEROUS Logo that Defendant added to the Subject Photographs also constitutes CMI.

By alleging Defendant intentionally added the DANGEROUS Logo onto the Subject Photographs, Plaintiff adequately pleads a violation of § 1202(a). Further, Plaintiff adequately pleads a violation of § 1202(b); he pleads both that Defendant removed his CMI and that Defendant had reasonable grounds to know such removal would induce, enable, facilitate, or conceal an infringement of Plaintiff's copyright.

Taken as true, these allegations support a finding that Defendant violated Section 1202 of the DMCA with respect to each Subject Photograph.

### 3. Money at Stake in the Action

The Court must "assess whether the recovery sought is proportional to the harm caused by defendant's conduct." Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). For these claims, Plaintiff requests an award of $150,000.00 in statutory damages, plus $6,600.00 in attorneys' fees pursuant to Local Rule 55-3, and $1,377.76 in costs. Dkt. 20, at 23 (Gomes Decl.) ¶¶ 5-6. The Complaint seeks statutory damages as available under the Copyright Act and the DMCA; Defendant was on notice as to the potential damages at stake. Compl., Prayer ¶ b.

### 4. Possibility of Factual Dispute, Excusable Neglect, and Policy Favoring Decisions on the Merits

By failing to appear in this action, Defendant has chosen not to dispute the accuracy of Plaintiff's factual allegations. The likelihood of excusable neglect is slight: Defendant was served with the Summons and Complaint on October 1, 2018, and has not responded. See Dkt. 15. The policy favoring decisions on the merits does not weigh against entry of default judgment where, as here, Defendant's failure to appear has made a decision on the merits impossible.

The Eitel factors weigh in favor of granting default judgment.

## C. Statutory Damages

### 1. Copyright Infringement

Under 17 U.S.C. § 504(a), "an infringer of copyright is liable for either – (1) the copyright owner's actual damages and any additional profits of the infringer, . . . or (2) statutory damages . . . ." Statutory damages are set by Section 504(c), which provides for damages of at least $750 and up to $30,000 with respect to any one copyrighted work. See 17 U.S.C. § 504(c)(1). The Court has discretion to increase the award to a maximum of $150,000 if the copyright owner proves the infringement was committed willfully; conversely, the Court may decrease the award to as little as $200 if the infringer proves it was not aware the facts constituted infringement. 17 U.S.C. § 504(c)(2). When electing statutory damages, the plaintiff need not prove actual damages. Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001). If the trial court stays within the minimum and maximum allowable statutory damages, the court's discretion and sense of justice are controlling. F.W. Woolworth Co. v. Contemporary Arts,

Inc., 344 U.S. 228, 232 (1952). The court should be guided by the nature of the copyright and the circumstances of the infringement. Id.

The copyright laws provide for maximum statutory damages of $30,000 per copyrighted work (or more, if Defendant's conduct is shown to be willful). Here, Plaintiff has requested one-third that amount, $10,000 per copyrighted work. The Court finds the requested damages amount of $60,000 is appropriate under the circumstances.

### 2. DMCA Violations

The DMCA allows for statutory damages of "not less than $2,500 or more than $25,000" for all six violative acts. 17 U.S.C. § 1203(c)(3). Plaintiff seeks to recover $15,000 in statutory damages for each violation, for a total of $90,000 in statutory damages.

Although the Court acknowledges both Defendant's conduct and the need to deter future violations, it finds Plaintiff's requested damages somewhat excessive. The Court finds that an award of $60,000 ($10,000 for each Subject Photograph) is appropriate and just under the circumstances.

### D. Attorneys' Fees and Costs

A court may award "full costs, including reasonable attorneys' fees, to the prevailing party in a claim arising under the Copyright Act." 17 U.S.C. § 505; see also 17 U.S.C. § 1203(b) (allowing a court, at its discretion, to allow the recovery of costs and to award reasonable attorneys' fees to the prevailing party).

Plaintiff seeks attorneys' fees as calculated under Local Rule 55-3. Accordingly, the Court awards $6,000 in attorneys' fees.

Plaintiff may also recover costs of suit pursuant to a bill of costs filed in accordance with 28 U.S.C. § 1920.

## IV. CONCLUSION

Plaintiff's application for default judgment is GRANTED. Plaintiff is awarded statutory damages in the amount of $120,000, along with $6,000 in attorneys' fees pursuant to Local Rule 55-3. Plaintiff may recover costs of suit pursuant to a bill of costs filed in accordance with 28 U.S.C. § 1920.

IT IS SO ORDERED.

Date: April 9, 2019

*Dale S. Fischer*
Dale S. Fischer
United States District Judge